# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL TODD WELTY** ) <br> 4279 Roswell Road NE. ) <br> Atlanta, GA 30342, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> **U.S. INTERNAL REVENUE SERVICE** ) <br> 1111 Constitution Avenue, N.W. ) <br> Washington, D.C. 20224, ) <br> ) <br> Defendant. ) | Civil Action No.: 1:25-cv-993 <br><br> **COMPLAINT FOR** <br> **DECLARATORY AND** <br> **INJUNCTIVE RELIEF** |

Plaintiff Michael Todd Welty ("Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, for declaratory, injunctive, and other appropriate relief against the Defendant, the U.S. Internal Revenue Service ("IRS" or the "Service"). Plaintiff challenges the IRS's failure to make a timely decision concerning Plaintiff's requests for public records, as well as its failure to release all responsive and non-exempt records. In support, Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff seeks to compel the disclosure of records, wrongfully withheld by Defendant, which relate to or reference the IRS Syndicated Conservation Easement ("SCE") Oversight Committee.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff is an individual residing in Atlanta, Georgia.

5. Defendant is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., which has possession and control over the public records that Plaintiff seeks under the Freedom of Information Act, 5 U.S.C. § 552.

## STATUTORY FRAMEWORK

6. The FOIA "was intended to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 5 (D.C. Cir. 2011) (citations omitted).

7. The FOIA "was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). FOIA implements "a general philosophy of full agency disclosure" of government records. *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 754 (1989).

8. The FOIA accordingly specifies that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules … shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

9. An agency must disclose agency records, unless "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C § 552(b)]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i); *see also U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 150-51 (1989).

10. Records created or obtained by an agency are subject to the FOIA if the agency controls them at the time the FOIA request is made. *Dep't of Justice v. Tax Analysts*, 492 U.S. at 144-45.

11. An agency has 20 working days after receipt of a FOIA request to determine whether to comply. 5 U.S.C. § 552(a)(6)(A)(i).

12. If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, *de novo*, the agency's failure to respond and order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

**A.     Background**

13. In September 2024, during testimony in the U.S. Tax Court case *Arden Row Assets, LLC v. Commissioner*, Docket Number 3817-23, attorneys from the IRS Office of Chief Counsel disclosed the existence of a group of officials managing docketed Tax Court cases concerning SCE transactions. The attorneys referred to this group of officials as the "SCE Oversight Committee" or the "SCE Cadre."[1] The attorneys described the role of the SCE Oversight Committee as management level attorneys in the IRS Office of Chief Counsel assigned to oversee SCE cases.

**B.     Plaintiff's IRS FOIA Request**

14. On February 17, 2025, Plaintiff submitted a FOIA request to the IRS (the "Initial IRS FOIA Request"). *See* Declaration of Daniel Wharton ("Wharton Decl."), attached hereto as Ex. 1. Plaintiff's Initial IRS FOIA request sought certain records that relate to or reference the IRS SCE Oversight Committee.

---

[1] Plaintiff utilizes the term "SCE Oversight Committee" throughout the remainder of his Complaint for ease of reference.

15. Plaintiff's Initial IRS FOIA Request was received by the appropriate IRS office on February 17, 2025, and assigned Case Number 2025-09307. *Id.*

16. On February 19, 2025, Defendant sent Plaintiff a letter in connection with his Initial IRS FOIA Request. *Id.*

17. Defendant's February 19, 2025 letter provided that the initial date of completion for Plaintiff's Initial IRS FOIA Request was March 18, 2025. *Id.*

18. On March 6, 2025, Defendant sent Plaintiff another letter in connection with his Initial IRS FOIA Request. *Id.*

19. In its March 6, 2025 letter, Defendant estimated that it would spend 196 hours processing Plaintiff's Initial IRS FOIA Request, and that Defendant required Plaintiff to pay (in advance) all fees to cover the estimated processing time. *Id.*

20. On March 7, 2025, Plaintiff paid the advance fees to Defendant. *Id.* Plaintiff also submitted an updated FOIA request, requesting the same information, but with an updated agreed amount Plaintiff was to pay to obtain the records (the "IRS FOIA Request").

21. Plaintiff was, and is, authorized to receive the records sought by the IRS FOIA Request.

22. Most recently, on March 11, 2025, Defendant sent Plaintiff another letter in connection with his IRS FOIA request requesting an additional extension to July 2, 2025 to provide a final response. *Id.*

23. Defendant has not responded to Plaintiff's FOIA Request as of the date of this complaint. *Id.*

24. Defendant's March 11, 2025 letter provided as follows: "However, you do have the right to file suit for a judicial review. You can file suit after April 2, 2025. File your suit in the

U.S. District Court: Where you reside or have your principal place of business, Where the records are located, or In the District of Columbia." *Id.*

25. IRS is required within 20 days of receipt to inform FOIA requestors whether it will comply with or deny the request. 5 U.S.C. § 552(a)(6)(A). IRS received Plaintiff's Initial IRS FOIA Request on February 17, 2025. *See* Ex. I. IRS extended the timeline for a response by 10 working days pursuant to 5 U.S.C. § 522(a)(6)(B). Accordingly, the IRS's response to the IRS FOIA Request was due on or about <u>April 2, 2025</u>. *Id.*

26. The statutory deadline for Defendant to respond to Plaintiff's IRS FOIA Request has expired, and Defendant is not entitled to any further, unilateral delay.

27. Plaintiff has exhausted its administrative remedies under 5 U.S.C § 552(a)(6)(C)(i).

## CAUSE OF ACTION

### Production Under the FOIA

28. Plaintiff incorporates by reference the preceding paragraphs 1 through 27 as if fully realleged herein.

29. Plaintiff submitted to Defendant a request for public records that reasonably described the records sought and fully conformed to Defendant's published FOIA regulations.

30. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

31. Plaintiff is entitled under the FOIA to the requested records.

32. Defendant has withheld, and continues to withhold, non-exempt documents responsive to Plaintiff's IRS FOIA Request.

33. Accordingly, Defendant has unlawfully withheld, and continues to unlawfully withhold, public records in violation of 5 U.S.C. § 552.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that this Court:

a. Order the Defendant to conduct an adequate search for all records responsive to Plaintiff's IRS FOIA Request and demonstrate the use of search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's IRS FOIA Request.

b. Order the Defendant to produce, by a certain date, all non-exempt records responsive to Plaintiff's IRS FOIA Request and a *Vaughn* index of any responsive records withheld under claim of exemption.

c. Enjoin Defendant from withholding all non-exempt records responsive to Plaintiff's IRS FOIA Request.

d. Order the Defendant to disclose the requested records to Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B);

e. Award Plaintiff his costs and reasonable attorney's fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

f. Grant such other and further relief as the Court may deem just and proper.

Dated: April 3, 2025                    Respectfully submitted,

*/s/ Macdonald "Mac" A. Norman*
Macdonald A. Norman
D.C. Bar No. 1510617
TODD WELTY, P.C.
4279 Roswell Rd NE
Suite 208, #352
Atlanta, Georgia 30342
Telephone: (404) 239-2064
E-mail: mac@toddweltypc.com
*Counsel for Plaintiff*